WELLINGTON J. GRIFFITH ET AL. v. TIFFIN (CITY) ET AL.

1. LIMITATION OF BONDING POWER.

    The bonding power of a municipal corporation under Lan. R. L. 4294, 4295, 4297 (R. S. 2835, 2835b, 2837), is fixed at the extreme limit of 8 per cent of all the taxable property listed for taxation, in such corporations. This, however, does not include bonds to be paid by special assessments upon abutting property.

2. DETERMINATION OF LIMIT OF BONDED INDEBTEDNESS.

    In determining whether a municipal corporation has reached or exceeded the limit of its bonding capacity, the statute contemplates the aggregate bonded indebtedness whether issued before or since said enactments and if such aggregate equals or exceeds the extreme 8 per cent limit above noted, then no further bonds may be issued until said aggregate has been reduced below said limit.

ERROR to Seneca common pleas court.

**W. S. Wagner** and **W. D. Pence**, for plaintiff in error.
**Geo. M. Hoke** and **Dore & Dore**, for defendant in error.

## VOLLRATH, J.

The plaintiff in error filed his petition in the lower court setting forth twelve separate causes of action and seeking to restrain the payment of bonds of the city of Tiffin heretofore issued, and to restrain the issuing of bonds known and designated as the Greenfield street paving bonds,—the latter being the subject of the twelfth cause of action.

The first eleven causes of action describe and set forth successive bond issues of said city, indicating the purpose for which issued, as well as their respective amounts, and contain averments with reference to the manner of issuing the same, tending to support the charge that said issues of bonds so described were illegally made. The aggregate sum of the bonds so issued as described in these eleven causes of action is $625,000. The amount of bonds sought to be issued as set forth in the twelfth cause of action and known as the Greenfield street paving bonds is $13,000. It further appears from the petition and in the first eleven causes of action as well as in said twelfth cause of action that the total taxable value of all property listed for taxation in said city of Tiffin is $4,000,690 and no more.

The facts set forth indicate that the city of Tiffin has at present a total bonded indebtedness amounting to a fraction more than 15

Griffith v. Tiffin.

per cent of the taxable value of all property in said city listed for taxation.

A general demurrer was interposed by the city to this petition, and this demurrer was sustained by the lower court. Error is prosecuted here to reverse this action of the common pleas court.

The demurrer in question was general in its terms.

After said demurrer was sustained as aforesaid by the court of common pleas, upon application to the judges of this court at Chambers, a temporary restraining order was granted restraining the sale of the Greenfield street paving bonds until the issues raised herein 'by the petition in error are finally determined.

The purposes for which municipal corporations may issue bonds are recited in Lan. R. L. 4294 (R. S. 2835), and include the object contemplated by the issue under consideration.

Said Lan. R. L. 4294 (R. S. 2835) further provides that such bonds shall not exceed 1 per cent of the total taxable property of the corporation in any one year unless authorized by an affirmative vote of at least two-thirds of all the members of council elected or appointed thereto, and then the aggregate amount of all such bonds hereafter issued under the authority of said act shall never exceed 4 per cent of such taxable property, unless a greater amount be authorized by a vote of the electors of the corporation in accordance with the provisions of Lan. R. L. 4297 (R. S. 2837).

Laning R. L. 4295 (R. S. 2835b), as enacted April 25, 1904 (97 O. L. 520), qualifies the above as follows:

"Provided, further, that the limitations of 1 per cent and 4 per cent prescribed in Sec. [Lan. 4294] 2835 Rev. Stat., shall not be construed as affecting bonds issued under authority of said Sec. [Lan. 4294] 2835 upon the approval of the electors of the corporation; nor shall bonds which are to be paid for by assessments specially levied upon abutting property, be deemed as subject to the provisions of said section."

Upon a comparison with the original Lan. R. L. 4294 (R. S. 2835), this supplementary section seems to do nothing more than eliminate the required two-third vote of the council in cases where an issue is actually authorized by a vote of the people, but it applies merely to Lan. R. L. 4294 (R. S. 2835), and the limitations of 1 per cent and 4 per cent therein contained, and in no wise affects the provisions of Lan. R. L. 4297 (R. S. 2837).

Moreover, the peculiar nature of this supplementary section justifies the suspicion that it owes its enactment to an unfortunate over-

sight in some particular locality and which this supplementary section was intended to relieve.

Laning R. L. 4297 (R. S. 2837), as amended April 25, 1904 (97 O. L. 190), provides that the aggregate issue of 4 per cent authorized in Lan. R. L. 4294 (R. S. 2835) may be exceeded when authorized by the affirmative action of two-thirds of the council supported by the affirmative vote of two-thirds of the voters voting an election duly called for that purpose.

It will be noted that the excess over 4 per cent requires a two-thirds vote of the electors voting at such election while for the lessor aggregate authorized by Lan. R. L. 4294 (R. S. 2835) a bare majority seems sufficient.

Laning R. L. 4297 (R. S. 2837) further provides as follows:

"Provided, however, that no * * * municipal corporation shall hereafter create or assume an aggregate indebtedness of outstanding and unpaid bonds under the authority of this act in excess of 8 per cent of the total value of all property in such * * * municipal corporation, as listed and assessed for taxation."

The word "assume" as used above is peculiar to Lan. R. L. 4297 (R. S. 2837). It is not found in Lan. R. L. 4294 (R. S. 2835). It was evidently inserted there for a purpose. What does it mean? It cannot mean to create a new debt, for it is used in the alternative with the word "create," to wit, "create or assume." It may not mean to adopt or take up the debt of some other person or corporation, for that does not come within the scope of the powers conferred upon municipalities by law. It must, therefore, if it means anything, have reference only to the indebtedness of the corporation itself existing prior to the enactment of the 8 per cent limitation.

The proviso at the close of said Lan. R. L. 4297 (R. S. 2837), "that in cases where. * * * council of any * * * municipal corporation has heretofore passed a resolution or ordinance declaring it necessary to issue and sell bonds * * * for any of the purposes authorized by law, the provisions of this act limiting the aggregate amount of bonds to be issued shall not be construed to apply to the bonds provided for in such resolution or ordinance," does not apply to the case at bar. That proviso seems to have reference to contemplated issues of bonds not yet issued at the date of said act, but provided for by resolutions prior to said enactment of April 25, 1904, and seeks to prevent such contemplated issues from becoming illegal even though excessive in amount, and invites the suspicion that it, too, was enacted to meet a special case. While, however, such previous

Griffith v. Tiffin.

contemplated issues do not become illegal by reason of their antagonism to existing law, yet there is nothing in the act, properly construed to prevent their being included in a computation to determine whether a corporation has not reached or exceeded the extreme limit of its bonding power.

In view of the conclusions above noted we hold that the bonding power of a municipal corporation in the state of Ohio is, by the above acts, fixed at the extreme limit of 8 per cent of all the taxable property as listed for taxation in such corporation; that in determining whether a municipal corporation has reached or exceeded the extreme limit of its bonding capacity as above noted, all issues of bonds made by such corporation previous to said enactment, as well as those subsequently made, and remaining unpaid, must be considered,—in other words, the statute contemplates the aggregate bonded indebtedness of a municipal corporation whether issued before or since said enactment, and if such aggregate bonded indebtedness equals the extreme 8 per cent limit above noted, then no further bonds may be issued by said municipal corporation until said aggregate has been so far reduced as to place the contemplated issue within the limit prescribed, and it is only proper to add that within said limitations all the requirements of the statutes must be strictly followed.

It is evident from the averments of the twelfth cause of action that the present aggregate bonded indebtedness of the city of Tiffin is far in excess of the extreme 8 per cent limit permitted by law. That the contemplated issue of $13,000 of Greenfield street paving bonds as therein set forth would be far in excess of said extreme limit of 8 per cent above described and, upon the averments of the petition the same would therefore be improper and illegal.

With reference to the first eleven causes of action described in the petition, it seems that the petitioner seeks therein to invalidate or declare void numerous issues of bonds of said city, together aggregating $625,000 and issued for various purposes. It is not stated where the bonds are held nor are the bondholders themselves made parties to the action. The purpose of the issue of these bonds is also faultily set forth. Upon the whole, therefore, we are of the opinion that so far as the first eleven causes of action are concerned, the averments are not sufficient to stand against a demurrer, and the action of the court below in sustaining said demurrer to said eleven causes of action is therefore approved and affirmed.

With reference to the twelfth cause of action, however, in view

Seneca County.

of the premises above noted, we hold that the court of common pleas erred in sustaining said demurrer to said cause of action and said order of the court of common pleas sustaining said demurrer to said twelfth cause of action is therefore reversed. Judgment reversed accordingly at the costs of the defendant, the city of Tiffin, and case remanded to the court of common pleas for execution and further proceedings.

**Norris** and **Hurin, JJ.,** concur.

---

## NEGLIGENCE—STREET RAILWAYS—DAMAGES.

[Hamilton (1st) Circuit Court, July 8, 1905.]

Swing, Giffen and Dustin, JJ.

(Judge Dustin of the second circuit sitting in place of Judge Jelke.)